ORANGE COUNTY v. W. H. WILSON AND WIFE, ET AL.

(Filed 23 March, 1932.)

1. **Taxation H a—Tax certificates is presumptive evidence of regularity of proceedings.**

It is the duty of the sheriff to collect all taxes on property that are due and unpaid and, when necessary, to sell the land for delinquent taxes after due advertisement, and to issue a certificate of purchase, which certificate is presumptive evidence of the regularity of all prior proceedings incident to the sale and purchase, and of the performance of all things essential to the validity of the proceedings. N. C. Code, 1931, secs. 7992, 8010, 8012, 8014, 8026, 8027.

2. **Taxation H b—Suit in the nature of foreclosure is exclusive remedy on tax certificate.**

The purchaser of a certificate at a sheriff's sale of lands for taxes is given a lien for the amount paid with interest and costs, etc., and is subrogated to the rights of the county for the taxes, and has the sole remedy of proceeding *in rem* by civil action to foreclose his certificate as nearly as may be as in case of foreclosure of a mortgage, and the purchaser at the sale in conformity with the statutory proceedings is entitled to a deed conveying the fee-simple title to the *locus in quo*. N. C., Code, 1931, secs. 8028, 8036.

3. **Same—In proceedings to foreclose tax certificate only listed owners, their wives or husbands, must be served with summons.**

In a suit to foreclose lands to enforce the lien acquired by a purchaser of a tax certificate the only parties upon whom service of summons is necessary are those in whose name the real estate is listed, and, in case they are married, upon their wives or husbands, and service on those otherwise interested may be had by publication as prescribed by the statute, N. C. Code, sec. 8037, and such publication is sufficient notice to constitute due process of law, the proceedings being *in rem* in which the State seeks, directly or by authorization, to sell land for taxes by the enforcement of the statutory lien.

4. **Taxation H c—Cestui que trust may not set aside foreclosure of tax certificate on ground that he was not served with summons.**

Where service of summons had been made on the listed owners of the property and service on others interested in the land has been made by publication as the statute provides in proceedings to foreclose a tax certificate, interveners who claim an interest in the land by virtue of being *cestuis que trustents* under a deed of trust may not set aside the sale on the ground that they had not been served with summons, personal service on them not being required by the statute, and it appearing that the trustees in their deed of trust had been personally served, and that they could have protected their rights by paying the taxes and thus acquiring a lien therefor superior to all other liens.

CLARKSON, J., concurs in result.

APPEAL by petitioners from *Daniels, J.,* at Chambers, on 17 October, 1931. From ORANGE.

Proceeding to foreclose a tax certificate issued by the sheriff in a sale for taxes due in 1928, at which the plaintiff became the purchaser of the land. The clerk ordered a foreclosure of the certificate, the land was sold, the commissioner reported the sale, and the clerk, after finding that the sale had been made in compliance with law, that the bid of the purchaser had not been raised, and that no exceptions had been filed, confirmed the sale and on 8 April, 1931, adjudged that upon payment of the purchase price the commissioner should execute and deliver a deed to the purchaser.

On 7 July, 1931, W. G. Pearson and Mechanics and Farmers Bank made a motion before the clerk to set aside the decree of confirmation and to order another sale of the property. The clerk denied the motion; the petitioners appealed; and Judge Daniels found the facts to be as follows:

1. That the above entitled action was instituted by the county of Orange to foreclose a tax certificate issued by the sheriff of said county at a tax sale held by him at which the said county was the purchaser of the lands mentioned and described in the complaint for the taxes due by the owner or owners for the year 1928.

2. That at the time of the commencement of this action the petitioners were *cestuis que trustents* and the holders of certain indebtedness duly of record in Orange County; that J. L. Pearson was the trustee of the petitioner, W. G. Pearson, and R. L. McDougald was the trustee of the petitioner, Mechanics and Farmers Bank; that the petitioner, W. G. Pearson, is a citizen and resident of Durham County, and the petitioner, Mechanics and Farmers Bank, is a corporation with its principal banking house in Durham city and county.

3. That the action was instituted and was governed by the tax laws in force at the time the action was instituted.

4. That the summons and complaint were duly issued on 28 October, 1930; that an order of publication was made by the clerk on 10 November, 1930, in pursuance of which the notice of service appearing in the record was published in the *Chapel Hill Weekly,* a newspaper published in Orange County, on 14th, 21st and 28th of November and the 5th of December, 1930; that an interlocutory judgment was granted on 9 February, 1931; that the report of sale was filed on 12 March, 1931; that a final decree was rendered on 6 April, 1931; that the commissioner's deed was executed on 23 April, 1931, and was filed for registration on 30 April, 1931, being recorded in Book of Deeds 92, at page 187, registry of Orange County. That the final account of the commissioner was filed on 17 June, 1931.

5. That C. P. Hinshaw, the commissioner, appointed by the clerk, duly advertised the sale of said property on 9 February, 1931, in the *Hillsboro Observer,* a newspaper published in Orange County and that said property was sold at public auction on 12 March, 1931, at which sale J. A. Giles became the last and highest bidder in the sum of $425. That the sale remained open for 20 days and was confirmed by the clerk, no increased bid or exceptions having been filed. That the surplus after the payment of taxes, costs and commissions, now in the hands of the clerk, is $131.75.

6. That the petition and motion herein were filed in the office of the clerk of the Superior Court of Orange County, on 7 July, 1931, and that no answer, demurrer, or other pleadings have ever been filed.

7. That the petitioners offered in open court to pay all taxes and costs due on said property and to reimburse the purchaser, J. A. Giles, for all expenditures and improvements made and had upon said property, if their motion was allowed.

Upon the foregoing facts the motion was denied and the order of the clerk was affirmed. The petitioner excepted and appealed.

*R. McCants Andrews* for appellants.
*Graham & Sawyer* for appellee.

ADAMS, J. The sheriff is required by statute to collect taxes which are due and unpaid and, when necessary, to sell the property of delinquent taxpayers. N. C. Code, 1931, sections 7992, 8010, 8012. The sale must be duly advertised and the sheriff must issue a certificate of purchase. Sections 8014, 8026. The certificate is presumptive evidence of the regularity of all prior proceedings incident to the sale and the purchase and of the due performance of all things essential to the validity of such proceedings. Section 8027. Under the present procedure the holder may foreclose his certificate by a civil action, this being "his sole right and only remedy." Section 8028. On the real estate purchased by him he is given a lien for the amount paid, together with interest, penalties, costs, and charges. Section. 8036. He is subrogated to the rights of the State, county, or municipal corporation for the taxes for which the real estate was sold and is entitled to a decree of sale for the satisfaction of the amount due him upon his certificate, or any other such certificate, and of the amount paid by him for taxes or assessments which were a lien on the property. In the foreclosure of a certificate the only necessary defendants are the person in whose name the real estate was listed for taxation and, if married, the wife or husband. These parties must be served with process as in civil actions. Other

persons claiming an interest are served by publication. The provision is in these words: "Notice, by posting at the courthouse door, shall be given to all other persons claiming any interest in the subject-matter of the action to appear, present and defend their claims. Said notice shall describe the nature of the action and shall require such persons to set up their claims in six months from the date of the final appearance of the general advertisement of such notice as required herein, otherwise they shall be forever barred and foreclosed of any and all interest or claims in/or to the property or the proceeds received from the sale thereof."

This section provides, in addition, that when the summons is returned after proper service upon the taxpayer and the taxpayer's wife or husband, the court shall proceed to judgment "without awaiting the six months allowed to other claimants"; also that the deed which shall be made to the purchaser as the statute provides shall convey the real estate to him in fee simple, free from any and all claims or interest of the taxpayer, the wife, the husband, or any other person.

The holder of the certificate has "the right of lien against all real estate therein described as in case of mortgage"; and the action for foreclosure is to be "governed as nearly as may be by the rules governing actions to foreclose a mortgage."

The appellants make these clauses (sec. 8037) the basis of a contention that the certificate was not legally foreclosed because the petitioners were not served with summons as parties defendant. Several objections may be urged to the maintenance of this position.

The statutes cited above are not in conflict with the State or Federal Constitution. *Orange County v. Jenkins,* 200 N. C., 202. The process of taxation does not demand the same kind of notice as is required in a suit at law; it is a proceeding *in rem* in which the State seeks directly or by authorization of others to sell land for taxes by the enforcement of a lien imposed by statute. A notice which permits interested parties to ascertain that the land is subjected to sale for unpaid taxes is due process whether the interested parties are within or without the jurisdiction. *Orange County v. Jenkins, supra; Leigh v. Green,* 193 U. S., 79, 48 L. Ed., 623. The statute designates those upon whom original process must be served and requires nothing more than constructive service upon all other persons who claim an interest in the subject-matter; and when these provisions are complied with the service is complete.

Besides, the trustees of the petitioners were parties defendant and were served with process. The petitioners occupied the position of trustors, or, in effect, mortgagees of the property. They were authorized to pay the taxes and thereby acquire another lien, which would have preference

over all other liens. Sec. 7981. Indeed, in *Wooten v. Sugg,* 114 N. C., 295, it was held that it is incumbent upon a mortgagee to see that the taxes on the mortgaged property are paid. This was not done by the petitioners or their trustees. They made no demand and asserted no claim within the time prescribed by law and in the words of the statute are barred and foreclosed of any and all interest in the property and in the proceeds of sale.

A tax is an enforced contribution of money assessed by authority of a sovereign State. It is a source of revenue, necessary to the maintenance of government, and collectible in the way and within the period provided by law. To require the sheriff, purchaser, or holder of a certificate to search the records of the courts to ascertain the names of all who have a lien or claim an interest in the subject-matter of the sale would amount to the imposition of a burden not within the scope or contemplation of the statutes regulating the sale of land for taxes. Judgment

Affirmed.

CLARKSON, J., concurs in result.