GEO. P. STREET AND INTERSTATE BOND COMPANY v. W. GORDON McCABE AND WIFE, FRANCES S. McCABE; HENRIETTA C. BRYAN, AND PEOPLES STATE BANK OF SOUTH CAROLINA, COMMITTEE OR GUARDIAN OF THE ESTATE OF HENRIETTA C. BRYAN.

(Filed 15 June, 1932.)

1. **Pleadings E a—Allowance of amendment to complaint by changing name of plaintiff held not error under the facts of this case.**

While it is not permissible for the trial judge, over the defendant's objection, to allow another party who is a stranger to the action and who is solely interested as plaintiff therein to be substituted for the one originally bringing the action so as to substantially change the character or nature of the action, where it appears that the action was brought in the name of the president of a company and that he had paid the money for the tax certificate sued on, and that the certificate had been issued to the company as trustee of the president, and that the action was instituted in the name of the president through inadvertence or mistake, the trial judge has the power to allow the substitution of the company as the party plaintiff under the provisions of C. S., 547, the character or nature of the action not being substantially changed thereby.

2. **Taxation H d—Contentions of plaintiff in regard to interest on tax certificate and apportionment of costs are not sustained.**

Where the court has properly allowed an amendment to the complaint in an action on a tax sale certificate, the amended action is a continuation of the original action, and where the original action was commenced before the expiration of eighteen months after the date of the first certificate of sale, the contentions of the defendant that the plaintiff, under the statute then in force, was not entitled to more than six per cent on the certificate after the expiration of the eighteen months because of failure to bring action within that time cannot be sustained, and, furthermore, the clause relating to interest has been superseded by chapter 260, section 3, Public Laws of 1931, and *held further*, the costs and attorney's fee will not be apportioned.

**3. Appeal and Error E h—Where contention is not supported by finding of court or jury or record evidence it will not be considered.**

In this case the contention of the appellant in regard to the legal tender of delinquent taxes within the time agreed upon with the tax collector was not supported by a finding of the court or jury, and no evidence thereof appeared from the record, and the appellant's contention in this respect is not considered on appeal.

**4. Taxation H a—Alleged irregularities in sale of land for taxes held not fatal in this case.**

The statutory requirements in selling land for taxes should be observed, but all irregularities are not fatal, and in this case the alleged irregularities as to the advertisement and sale are held not to entitle the appellant to judgment invalidating the sale in view of the statutes enacted to cure immaterial irregularities, N. C. Code, 8020, 8021, and the changed mode of procedure in the sale of land for taxes.

APPEAL by defendants from *Sink, J.,* at November Term, 1931, of HENDERSON.

Action to foreclose a tax certificate. On 8 November, 1929, a summons in the cause was issued in the name of George P. Street, as plaintiff against W. Gordon McCabe and his wife, and a complaint was filed in which the plaintiff Street alleged that J. W. Bayne, tax collector, had sold the land in question on 25 June, 1928, for the nonpayment of taxes for 1927 and that the county had become the purchaser and had transferred to him the certificate of sale. McCabe and wife filed an answer. The county had in fact assigned the certificate of sale to the Empire Trust Company, trustee, and the trustee had assigned it to the Interstate Bond Company. The Bond Company was made a party plaintiff at the June Term, 1931, of the Superior Court. Henrietta Bryan held a lien upon the land and on 15 June, 1931, an order was made for service of summons upon her and her guardian. On 15 June, 1931, an amended complaint was filed by Street and the Interstate Bond Company as plaintiffs against McCabe and wife and Henrietta C. Bryan and her guardian, in which it was alleged that the land in controversy had been sold on 25 June, 1928, for taxes for the year 1927, and that the tax collector had issued a certificate of sale to the Empire Trust Company, trustee, and that said trustee had assigned the certificate to the Interstate Bond Company, one of the plaintiffs; also that Street was the president of the Interstate Bond Company. The plaintiffs demanded judgment for $1,766.18, with interest and penalties.

George P. Street is a citizen and resident of Atlanta, Georgia; the Interstate Bond Company is a corporation, having its principal office in Atlanta; the defendants are citizens and residents of Charleston, South Carolina.

W. Gordon McCabe listed for 1927 three tracts of improved mountain land and a vacant lot at Highland Lake valued at $93,150.

The defendant filed an answer to the amended complaint and at the trial the jury returned the following verdict:

1. Was the land described in the complaint advertised and sold for nonpayment of 1927 taxes in the manner provided by law for the same, as alleged in the complaint? Answer: Yes.

2. Is the plaintiff, the Interstate Bond Company, the owner and holder of the tax sale certificate described and referred to in the complaint, as therein alleged? Answer: Yes.

3. What amount is the plaintiff entitled to recover on account of said tax sale certificate? Answer: $1,766.18 with interest provided by law.

4. Is the said amount a first and prior lien on the lands described in the complaint, as therein alleged? Answer: Yes.

Judgment for plaintiff and appeal by defendants on assigned error.

*Eubank & Weeks for plaintiffs.*
*W. C. Meekins for defendants.*

Adams, J. The action was brought on 8 November, 1929, in the name of George P. Street, who claimed to be the assignee and holder of the certificate of sale. It was afterwards discovered that the certificate had been issued to the Empire Trust Company, trustee, and that the Trust Company had assigned it to the Interstate Bond Company, who was made a party plaintiff at the June Term, 1931, of the Superior Court. At the close of the plaintiffs' evidence the action was dismissed as to George P. Street; and the defendants contend that as he had no interest in the controversy and could not maintain the action the Interstate Bond Company cannot proceed to judgment by ingrafting in the original suit a new and independent cause of action.

Whenever objection is made the court has no authority to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff. It is not permissible, except by consent, to change the character of the action by the substitution of one that is entirely different. *Merrill v. Merrill,* 92 N. C., 657; *Clendenin v. Turner,* 96 N. C., 416; *Hall v. R. R.,* 146 N. C., 345; *Bennett v. R. R.,* 159 N. C., 345; *Reynolds v. Cotton Mills,* 177 N. C., 412; *Jones v. Vanstory,* 200 N. C., 582.

We have no disposition to impair or interfere with this settled principle. But as a rule amendments which are not in conflict with it are liberally allowed pursuant to statutes by which the power is broadly conferred. *Lefler v. Lane,* 170 N. C., 181. It is provided that the judge

or court may in furtherance of justice amend any pleading, process, or proceeding by adding or striking out the name of any party; by correcting a mistake in the name of the party, or a mistake made in any other respect; by inserting other material allegations; and by conforming the pleadings to the facts proved if the amendment does not substantially change the claim or the defense. C. S., 547.

With these facts in mind we are essentially concerned with the relation that existed between George P. Street and the Interstate Bond Company at the beginning of the action and at the time the Bond Company was made a party plaintiff. Was this company a disinterested stranger to the litigation between Street and the defendants, and admitted as a plaintiff to set up and prosecute a new cause of action? The plaintiffs say it was not.

The tax collector testified that he sold the land to the Empire Trust Company, trustee for George P. Street. There is evidence that Street paid the money for the certificate, and in the Bond Company's application to be made a plaintiff he is represented to be the company's president. Street, the Empire Trust Company, and the Bond Company were interested in the same subject-matter and in the achievement of a common purpose. It is said also that some of the certificates owned by the Bond Company were held by Street and that the institution of the action in his name and not in the name of the company was an inadvertence or mistake. In reference to these things there are no express findings of fact; but the order making the Bond Company a party to the action is based upon its petition, and the allegations therein set forth may be accepted as an implied finding of fact to this effect.

In the two complaints the causes of action are identical—the foreclosure of a certificate of sale; and to hold under the circumstances that because a mistake was made in naming the plaintiff the admission of the Bond Company as a party changed the character of the pending action and required its dismissal would amount to such a literal and strict construction as would impede and not promote the "furtherance of justice." Relief against "a mistake in the name of a party" is one of the special objects of the statute. C. S., 547.

The statute in effect at the time of the sale provided that the certificate of sale should bear interest at the rate of 20% for a period of twelve months from the date of sale and thereafter at the rate of 10% until payment was made or final judgment was rendered, but that the holder of a certificate other than a county, municipal corporation, or other political subdivision should receive only six per cent after the expiration of eighteen months if the action was not instituted within eighteen months from the date of the first certificate. Pub. Laws 1927,

chap. 221, sec. 4, subsec. 8037. It is contended by the defendants that the Bond Company's cause of action accrued in June, 1931, when the amended complaint was filed, and more than eighteen months after the sale. We have already indicated that the amended complaint made no substantial departure from the demand originally stated but, with a change in the name of the purchaser and an addition to the description of land, in effect restated the identical cause alleged in the first complaint. Furthermore, the clause referred to has been superseded by the provisions of chapter 260, sec. 3, of the Public Laws of 1931.

The substance of one complaint is that of the other, and we see no adequate reason to apportioning the costs or the attorney's fee.

The defendants offered evidence that in the early part of the summer of 1928 the tax collector told McCabe that if he would pay the taxes for 1927 on or before 15 August, 1928, he would incur neither "penalty nor prejudice," and that on that day McCabe tendered payment of the amount assessed but was informed that the certificate had been assigned. The tax collector denied that the tender had been made. There is no finding by the court or the jury and we have discovered no evidence that a legal tender of payment was made within the time prescribed.

It is said that the sale was irregular. In selling land for taxes officers should observe the statutory requirements; but all irregularities are not fatal. Under the former law when strict compliance with all salient provisions was demanded it was not easy to make a sale by which title to real estate was conveyed. A large proportion of the taxes was never collected, and a more liberal system of sales became a necessity. Provision was made for certificates of sale by which the holder acquired "the right of lien" as in case of a mortgage. The relief given him was in the nature of an action to foreclose and the relief given the owner was the right of redemption. Statutes were enacted to cure immaterial irregularities, including any irregularity or informality in the manner or order in which any real estate may be offered for sale and any irregularity in any proceeding or requirement of the law. N. C. Code, 1927, secs. 8020, 8021. These provisions and the changed mode of procedure in the sale of land for taxes lead us to the conclusion that the alleged irregularities as to the advertisement and sale do not entitle the defendants to a judgment invalidating the procedure.

The exceptions relating to the motion for nonsuit, the description of the land in the sales list, and the verification of the complaint are without substantial merit. We find

No error.