J. E. GUY, TRADING UNDER THE NAME OF CAROLINA LOAN COMPANY, v.
VIRGIE HARMON AND HUSBAND, TOM HARMON.

(Filed 22 February, 1933.)

**Taxation H b—Where minors are not made parties to foreclosure of
tax certificate their interest in the land is unaffected.**

Where land owned by minors subject to their mother's dower right
therein is sold for taxes and bought in by an individual, and foreclosure
proceedings are instituted in which only the mother and her second hus-
band are made parties: *Held*, the interest in the land of the mother and
her second husband are divested by the proceedings, but the rights of the
minors therein are not affected, they not having been made parties to the
suit.

CIVIL ACTION, before *Moore, J.* From AVERY.

On 1 July, 1929, the sheriff of Avery County sold a certain lot situated
in the town of Elk Park, on Depot Street, for taxes, amounting to
$12.38. The land was listed in the name of Virgie Harmon. Plaintiff,
Guy, purchased the property, and thereafter on 26 November, 1930,
instituted an action of foreclosure. The pertinent facts appear in the
judgment of the court and are as follows:

1. "That this was, and is, an action to foreclose a tax sale certificate
on land listed in the name of Virgie Harmon.

2. "That, as the title of the action shows, the husband of said Virgie
Harmon was made, and is, a party to the action; that summons was
duly served on Virgie Harmon and husband, Tom Harmon; and that
notice of said action was duly posted and published as required by law.

3. That E. C. Guy became the purchaser of the land in controversy
at the foreclosure sale, as set forth in the petition for writ of possession
herein; and that a deed was duly executed and delivered by the Commis-
sioner to the said E. C. Guy therefor.

4. That the defendants, Virgie Harmon and husband, Tom Harmon,
are not the sole owners of said land, but that Dorothy Caldwell, minor,
age 18; Jack Caldwell, minor, age 15; and Christine Caldwell, minor,
age 13, are the owners of said land as heirs at law of Charles Caldwell,
deceased, the former husband of Virgie Harmon, and that Virgie Har-
mon owns, or is entitled to, a dower interest in said land.

5. That the said minors above named were not made parties defend-
ant in the action.

And the court being of the opinion that the sale of said land is void
as to said minor owners under the facts above set forth, it is now, there-
fore, considered, ordered and adjudged by the court that the order of the
clerk granting a writ of possession be, and the same is hereby overruled,
and the writ of possession is hereby denied."

*J. W. Ragland for plaintiff.*
*No counsel for defendants.*

BROGDEN, J. Manifestly the interest of Virgie Harmon and her husband, Tom Harmon, in the land has been properly divested, because the judgment is conclusive upon the said defendants to the extent of any interest they may have in the land.

The minor owners of the land were not made parties to the suit unless newspaper publication be sufficient for such purpose. Foreclosure is an equitable proceeding and the law as interpreted and applied in this State, has uniformly commanded a day in court for parties in interest. *Gammon v. Johnson,* 126 N. C., 64, 35 S. E., 185; *Jones v. Williams,* 155 N. C., 179, 71 S. E., 222; *Madison County v. Coxe, ante,* 58. Indeed, this Court in *Hines v. Williams,* 198 N. C., 420, 152 S. E., 39, in approving a judgment divesting the interest of minors in a tax foreclosure, declared: "It appears that the infant defendants and all persons having a vested or contingent interest in the land have had their day in court."

The plaintiff is not saved by the application of the principles enunciated in *Orange County v. Wilson,* 202 N. C., 425, 163 S. E., 13, for the reason the trustees of petitioners "were parties defendant and were served with process."

Modified and Affirmed.