This is an action to foreclose a tax-sale certificate.
The land described in the certificate is located in Hooper's Creek Township, Henderson County, North Carolina. It was listed for taxation on 1 May, 1929, in the name of the defendant, D. S. Hildebrand. The taxes levied on said land for the year 1929 by Henderson County were not paid. Pursuant to statutory provisions, the land was sold by the tax collector of Henderson County on 25 June, 1930, to Henderson County, the last and highest bidder at said sale in the sum of $780.45. On 7 April, 1931, the certificate of sale which was issued to Henderson County by the tax collector was assigned and transferred, for value, by the board of commissioners of Henderson County to the plaintiff, George P. Street. This action was begun by the plaintiff in the Superior Court of Henderson County on 7 April, 1932, as authorized by statute. N.C. Code, 1931, sec. 8037.
The summons in the action was duly served on the defendant, D. S. Hildebrand and his wife, O. S. Hildebrand, by the sheriff of Henderson County on 11 April, 1932.
Pursuant to an order made in the action by the clerk of the Superior Court of Henderson County on motion of the plaintiff, the following notice was posted at the courthouse door in Henderson County and also published in a newspaper published in said county on 20 April, 1932, and once a week thereafter for a total of four successive weeks:
NOTICE OF SERVICE.
To all persons claiming any interest in the subject-matter of this action:
You are notified that on the 7th day of April, 1932, an action entitled as above was commenced in the Superior Court of Henderson County for the purpose of foreclosing the lien of a tax-sale certificate for the 1929 Henderson County taxes (which said certificate is dated 25 June, 1930) upon the lands listed in the name of D. S. Hildebrand for said year, and described as a 165-acre brick-yard tract in Hooper's Creek Township, and being the same land fully described as the "Third *Page 210 
Parcel" in that certain deed of trust recorded in the office of the register of deeds of Henderson County in Book No. 128 at page 625 of Mortgages and Deeds of Trust, reference to which is hereby expressly had for a more particular description of said land and premises, and the same being all the lands owned on 1 May, 1929, by D. S. Hildebrand in Hooper's Creek Township, said county and State.
And you will further take notice that you are required to appear, present, set up and defend your respective interests and claims in and to said property in six months from the date of this notice, or be forever barred and foreclosed of any and all interest in or claims to the property above referred to, or the proceeds of the sale thereof.
This the 19th day of April, 1932.
J. P. FLETCHER, Clerk Superior Court.
The defendants, D. S. Hildebrand and his wife, O. S. Hildebrand, failed to file an answer to the complaint within the time required by the summons which was served on them, and on 13 June, 1932, on motion of the plaintiff, judgment by default was rendered in the action against them. It was considered, ordered and adjudged by the court that plaintiff had a lien on the land described in the complaint for the sum of $780.45, with interest and costs, and that said land be sold by a commissioner appointed by the court for that purpose to satisfy said lien. It was further considered, ordered, adjudged and decreed by the court that the defendants, D. S. Hildebrand and his wife, O. S. Hildebrand, and "all other persons claiming by, through or under the said defendants be forever barred and foreclosed of all equity, right and title in and to the said land referred to in the complaint."
Pursuant to said judgment and decree, the land described in the complaint was sold by the commissioner appointed by the court for that purpose on 8 August, 1932. At said sale, Wiley B. Brown was the last and highest bidder for the land in the sum of $1,060.00. The sale was duly reported by the commissioner to the court, and confirmed on 10 September, 1932. Pursuant to the order confirming the sale, the land was conveyed by the commissioner to the purchaser, who had first complied with his bid by paying to the commissioner the amount of his bid in cash. The commissioner thereafter filed with the court his final report showing the payment by him of the amount due to the plaintiff on account of the tax-sale certificate, and of the costs of the action. The balance, to wit, $16.83, was deposited by the commissioner with the clerk of the Superior Court of Henderson County.
Within six months from the date of the first publication of the notice to all persons claiming any interest in the subject-matter of the action, to wit, on 7 October, 1932, C. N. Walker, trustee, and the Wachovia Bank 
Trust Company filed an answer to the complaint in this action. *Page 211 
In this answer it is alleged that on 9 January, 1931, the defendants, D. S. Hildebrand and his wife, O. S. Hildebrand, conveyed the land described in the complaint to C. N. Walker, trustee, by deed of trust, to secure an indebtedness to the Wachovia Bank Trust Company in the sum of $65,000.00, and that said deed of trust was duly recorded in the office of the register of deeds of Henderson County in Book No. 128, at page 625, prior to the commencement of this action. The Wachovia Bank Trust Company tendered to the plaintiff the sum of $968.37, in full payment of the amount due the plaintiff on the tax-sale certificate described in the complaint, which sum the Wachovia Bank Trust Company had deposited with the court, contemporaneously with the filing of its answer. These answering defendants prayed that the plaintiff be required to accept the amount tendered by the Wachovia Bank Trust Company in full payment of the amount due him and that the judgment rendered in the action on 13 June, 1932, and all subsequent proceedings thereunder be set aside and vacated.
The motion of the answering defendants for judgment in accordance with their prayer, together with the reply of Wiley B. Brown, the purchaser at the sale on 8 August, 1932, was heard by the clerk of the Superior Court of Henderson County on 23 November, 1932. On the facts found by the clerk at said hearing, the motion was denied, and the answering defendants appealed to the judge of the Superior Court of Henderson County.
At the hearing of this appeal, at March Term, 1933, of the Superior Court of Henderson County, on the facts found by the judge, it was considered, ordered and adjudged "that C. N. Walker, trustee, holds the legal title to the lands described in the complaint and in the deed of trust executed by the defendants, D. S. Hildebrand and his wife, O. S. Hildebrand, and that the Wachovia Bank Trust Company holds a lien on said land for the payment of the sum of $65,000.00, with interest thereon, and as the holder of said lien was entitled to redeem said land and property from sale for taxes."
It was further considered, ordered and adjudged "that the judgment, orders and proceedings herein adverse to the claims, interests and estate of the said C. N. Walker, trustee, and the Wachovia Bank Trust Company be and the same are hereby set aside, revoked and vacated, and said judgment, order of sale, sale, confirmation of sale and deed of E. W. Ewbanks, commissioner, are adjudged to be ineffectual to affect or bar any rights, or interests of the defendants, C. N. Walker, trustee, and the Wachovia Bank Trust Company in and to said property."
It was further considered, ordered and adjudged "that the taxes, penalties, interest and costs on said property for the year 1929 have been paid by the Wachovia Bank Trust Company, and that said land is free and discharged of the lien of said taxes for the year 1929." *Page 212 
It was further considered, ordered and adjudged "that the funds deposited with the clerk of this court by the said Wachovia Bank Trust Company be paid to Wiley B. Brown in reimbursement of the amount of the tax, penalty, interest and costs."
From this judgment, plaintiff and the defendant, Wiley B. Brown, appealed to the Supreme Court.
The judgment in this action rendered on 13 June, 1932, is valid and effective for all purposes as against the defendants, D. S. Hildebrand and his wife, O. S. Hildebrand. The land described in the tax-sale certificate owned by the plaintiff at the commencement of this action was listed for taxation for the year 1929 in the name of the defendant, D. S. Hildebrand. This defendant and his wife, O. S. Hildebrand, were made defendants in the action as required by statute, N.C. Code, 1931, sec. 8037. Summons was duly served on both defendants; they failed to file an answer to the complaint which was duly verified, and filed at the commencement of the action, within the time required by the summons; for this reason, the plaintiff was entitled to judgment by default against these defendants on the cause of action alleged in the complaint. N.C. Code, 1931, sec. 8037(a 1/2). The defendants, D. S. Hildebrand and his wife, O. S. Hildebrand, by virtue of the judgment, are forever barred and foreclosed of all right, title, interest or estate in or to the land described in the complaint. As against these defendants, Wiley B. Brown, the purchaser at the sale made pursuant to the judgment, is now the owner of the said land by virtue of the deed executed to him by the commissioner appointed by the court. He is the owner of the said land in fee simple, free from any and all claims of the defendants, D. S. Hildebrand and his wife, O. S. Hildebrand, or of any person claiming under them who has failed to file an answer to the complaint, within six months from the publication of the notice required by statute. N.C. Code, 1931, sec. 8037. Guy v. Harmon, 204 N.C. 226,167 S.E. 796; Orange Co. v. Wilson, 202 N.C. 424, 163 S.E. 113.
The judgment, however, is not valid or effective for any purpose as against persons who had or claimed interests in the land described in the complaint at the date of the commencement of the action, and who, within six months after the publication of the notice to such persons as required by the statute, filed answers to the complaint. *Page 213 
The defendants, C. N. Walker, trustee, and the Wachovia Bank Trust Company filed an answer to the complaint, within six months after the publication of the notice requiring them to appear, present, set up and defend their respective interests in the land described in the complaint. For this reason, the judgment is not valid or effective as against these answering defendants.
We find no error in the judgment. It is
Affirmed.