COUNTY OF BUNCOMBE v. JOHN C. ARBOGAST ET AL.

(Filed 24 January, 1934.)

**Taxation H c—Held: .motion to set aside tax foreclosure sale for irregularities was correctly allowed under facts of this case.**

This appeal was from the allowance of a motion in tax-foreclosure suit to set aside the sale and vacate the order of confirmation. It appeared that no service of summons was made on the registered mortgagee, that movant acquired title under the mortgage and that upon acquiring title he

attempted to pay off all taxes, but due to the inadvertence of the tax collector the taxes for the year in question were not paid, that no deed had been executed to the claimant under the tax-foreclosure sale and it not appearing that the price bid had been paid or tendered, that the bid was entered by a person acting as alleged agent for the purchaser, but that the alleged agent although appearing on the records as the purchaser, disclaims that he was the purchaser and refuses to transfer his bid to claimant and it nowhere appearing in the records that claimant was the purchaser, that the commissioner's reports failed to indicate the land covered by the sale or that the reports were ever filed in the clerk's office, and it appearing that the order of confirmation was entered before the expiration of twenty days from the alleged reports, and it further appearing that claimant was a corporation controlled by the son of the original owner and that he was attempting to get title to the property to the detriment of the mortgagee and present owner. *Held*, the motion was correctly allowed.

APPEAL by Auburn-Asheville Company, alleged purchaser at tax sale foreclosure, from *Alley, J.,* at April Term, 1933, of BUNCOMBE.

Motion in tax sale foreclosure suit to set aside sale and to vacate order of confirmation.

The essential facts are these:

1. In 1928, the property in question, situate on Courtland Avenue, city of Asheville, and worth approximately $20,000, was owned (subject to a deed of trust, later foreclosed) and listed for taxes by John C. Arbogast and wife, Ida M. Arbogast.

2. Movant acquired title to the property in 1930, under the circumstances detailed in the case of *Arbogast v. Corp. Com.,* 200 N. C., 793, 158 S. E., 559, to which reference may be had, if desired, without repeating here.

3. An effort was made to pay all back taxes at the time movant acquired the property, but those for 1928, amounting to $445.69, were not included, due to inadvertence on the part of the tax collector.

4. This suit to foreclose the 1928 tax sale certificate was instituted 7 November, 1930. Sale was ordered, bid in by D. C. Lentz, agent, and confirmation entered 27 April, 1932.

5. On 5 September, 1932, this confirmation was rescinded by the clerk on the ground that the bid of D. C. Lentz, agent, was made by mistake, and a resale was ordered. It is the claim of Auburn-Asheville Company that said bid was made for it. Ralph Arbogast, son of John C. and Ida M. Arbogast, is president and majority stockholder of said company.

6. The present motion in the cause was filed 24 October, 1932, pending the resale. It is based upon the following alleged irregularities in the proceeding:

"(a) That the order of publication of summons against the defendants, John C. Arbogast and wife, Ida M. Arbogast, is not dated.

"(b) That the notice of publication of summons in said proceedings is dated 11 December, 1931, and is returnable 9 January, 1932.

"(c) That facts with respect to the bid on the property claimed by Gurney P. Hood, Commissioner of Banks, *ex rel.,* Central Bank and Trust Company, as shown by the testimony of D. C. Lentz, are that on the morning of the sale, the officers of Auburn-Asheville Company requested the said D. C. Lentz to submit bids on the property for the said corporation, said Lentz advised that he was going to attend the sale on behalf of another client, George P. Street, but would render any assistance he could to Auburn-Asheville Company; that when Taylor Bledsoe, commissioner, cried off the property in controversy, the said Lentz instructed that same be bid off in the name of Auburn-Asheville Company; that through error commissioner Taylor Bledsoe submitted the bid in the name of D. C. Lentz, agent; that afterwards, in order to correct the error, Kelly Hughes, county attorney, requested D. C. Lentz, agent, to transfer his bid, but said Lentz declined to do so because he did not want his name to appear in connection with any property not bid off by George P. Street, and said bid was never transferred, but still stands in the name of 'D. C. Lentz, agent.'

"(d) That the said Taylor Bledsoe, commissioner, purported to file two reports of sale in said action, one specifying that the lands and premises were sold to D. C. Lentz, agent, for the sum of $576.34, and one showing that the said lands and premises were sold to D. C. Lentz, agent, for $238.13, and that upon said reports the order of confirmation, which was afterwards set aside by the clerk, was signed by him and that neither of said reports of sale indicates the lands and premises intended to be covered thereby.

"(e) That neither of the reports of sale, as made by said Taylor Bledsoe, commissioner, show on their face that they were ever filed in the office of the clerk of the Superior Court of Buncombe County and that there is no record in the office of the clerk of the Superior Court showing that said reports were ever actually filed.

"(f) That the two reports of sales filed by Taylor Bledsoe, commissioner, as hereinbefore found, are each dated 9 April, 1932, and the confirmation of sales signed by the clerk are each dated 27 April, 1932."

The motion was allowed, and the Auburn-Asheville Company appeals.

*Bourne, Parker, Bernard & DuBose for Auburn-Asheville Company.*
*Johnson, Smathers & Rollins for Hood, Commissioner of Banks.*

STACY, C. J. This case in all of its essential features is controlled by the decision in *Harnett County v. Reardon,* 203 N. C., 267, 165 S. E., 701. Indeed, the judgment might well be affirmed on authority

of the *Harnett County case,* without more, but there are other consider-
ations appearing on the present record which tend to support the judg-
ment of vacation:

1. In the first place, it should be observed that no deed has been
executed by the commissioner for said property, as was the case, *e. g.,*
in *Orange County v. Wilson,* 202 N. C., 424, 163 S. E., 113, and it
does not appear that the price bid at the sale has ever been paid or
tendered by the alleged purchaser.

2. The order of confirmation, dated 27 April, 1932, recites that D. C.
Lentz, agent, became the last and highest bidder at said sale, and directs
that deed be made to said purchaser, but D. C. Lentz says he was
not the purchaser and does not want the transaction to appear in his
name as agent or otherwise.

3. It nowhere appears on the records of the Superior Court that the
Auburn-Asheville Company has been adjudged the purchaser at said
sale.

4. The commissioner filed two reports, but "neither of said reports
of sale indicates the lands and premises intended to be covered thereby."
C. S., 8025.

5. The reports are dated 9 April, 1932, but do not show that they
were ever filed in the clerk's office. The order of confirmation was
entered before the expiration of twenty days from the date of said
alleged reports. C. S., 763 and 3243; *Thompson v. Rospigliosi,* 162
N. C., 145, 77 S. E., 113; *Perry v. Perry,* 179 N. C., 445, 102 S. E., 772;
*Dixon v. Osborne,* 204 N. C., 480; *loc. cit.,* 487.

6. The equities of the case are with the movant. *Harnett County v.
Reardon, supra.* A corporation controlled by the son of the original
owners of the land is undertaking to recover a valuable piece of property
by means of a tax sale foreclosure, and thus cut off the rights of the
mortgagee and the present owner. It is not infrequently the case, that
in such an enterprise, due to haste or anxiety perhaps, some vital matter
is overlooked, which frustrates the purpose and gives the race not to
the swift but to the deserving, demonstrating again that equity pursues
the right, abhors the wrong, and enjoins upon all persons "to live
honestly, to harm nobody, to render to every man his due." Justinian.

We are not unmindful of the fact that this is a tax sale foreclosure
suit under C. S., 8037, as amended, a statute intended to facilitate the
collection of taxes and to assure purchasers at tax sales that there is
such a thing as "a good tax deed." *Price v. Slagle,* 189 N. C., 757, 128
S. E., 161; *Logan v. Griffith, ante,* 580; *Street v. Hildebrand, ante,* 208,
171 S. E., 58; *Guy v. Harmon,* 204 N. C., 226, 167 S. E., 796; *Street v.
McCabe,* 203 N. C., 80, 164 S. E., 329; *Orange County v. Wilson, supra.*
Nor have we overlooked the right of the owner to redeem, either under

C. S., 8038, or by motion in the cause for irregularities in the foreclosure proceeding. *Harnett County v. Reardon, supra.*

The jurisdiction of the court to deal with the matter at term is not questioned. C. S., 637; *In re Brown,* 185 N. C., 398, 117 S. E., 291; *Smith v. Gudger,* 133 N. C., 627, 45 S. E., 955.

Affirmed.