## BEAUFORT COUNTY v. JOHN A. MAYO.

(Filed 31 October, 1934.)

**Taxation H b—Holders of prior registered mortgage liens should be made parties in tax certificate foreclosure.**

It is necessary that the holders of liens under prior registered mortgages be made parties and be duly served with summons in proceedings to foreclose a tax sale certificate in order for the purchaser at the sale to obtain title free from the lien of the encumbrances, the holders of such liens being entitled to notice and an opportunity to be heard under the fundamental law of the land as a part of due process, and the provisions of ch. 260, sec. 5, Public Laws of 1931, cannot affect this fundamental right of notice and hearing.

STACY, C. J., dissents.

APPEAL by defendant from *Small, J.,* 20 August, 1934. From BEAUFORT. Error.

This was a submission of controversy without action, under the provisions of C. S., 626 to 628, inclusive, and the provisions of chapter 102, Public Laws of 1931, N. C. Code of 1931 (Michie), sections 628 (d) to 628 (o), inclusive, generally designated as the Uniform Declaratory Judgment Act. The gist of the controversy is to determine the validity of tax foreclosure actions where holders of registered encumbrances were not made parties.

The judgment of the court below is as follows: "This cause coming on to be heard by consent, before the undersigned judge, resident in the First Judicial District, upon a submission of controversy without action, the plaintiff being represented by Junius D. Grimes, county attorney, and the defendant John A. Mayo being present in person representing himself: The court being of the opinion, after a careful review of the facts set forth in the submission of controversy without action, that the plaintiff is the owner in fee simple of the lands described in said submission of controversy without action.

"It is, therefore, ordered, adjudged and decreed that the contract between the plaintiff and defendant for the sale of said lands is binding upon the defendant and the defendant is ordered, upon the tender to him of a good and sufficient deed conveying said lands in fee simple in proper form, properly executed, to pay the purchase price for said lands as set out in said submission of controversy without action: It is further ordered that the plaintiff recover the costs of this action, to be taxed by the clerk."

Defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material one and necessary facts will be set forth in the opinion.

*Junius D. Grimes for plaintiff.*
*John A. Mayo, in propria persona.*

CLARKSON, J.    The defendant made a contract to purchase a fee-simple title, free of encumbrances, from plaintiff, certain tracts of land in Beaufort County, N. C., containing approximately 26,149 acres, for the sum of $12,959.80.    The plaintiff claimed title to same under four tax foreclosure suits instituted by plaintiff against the J. & W. Land Company (abbreviation for Jamesville and Washington).    The defendant refused to carry out his contract, contending that plaintiff did not have a fee-simple title to the land, free of encumbrances.    The plaintiff in its contract agreed to execute and deliver "a good and sufficient deed for the said lands above described with special covenants of warranty." We think the contention of defendant is correct.

The facts agreed to, in part, are as follows: "That the J. & W. Land Company was created and organized as a corporation under the laws of North Carolina on 18 November, 1919, and on and prior to the first day of May, 1928, was the owner in fee simple of the lands which are the subject of this controversy, including both those lying in Washington Township and those lying in Long Acre Township; but the ownership of the said J. & W. Land Company was subject to a timber contract with the Interstate Cooperage Company, dated 1 May, 1923, and registered 28 May, 1923, in Book 245, page 149, of the Beaufort County records; and said ownership was also subject to a deed of trust to A. D. MacLean, trustee for Interstate Cooperage Company to secure certain indebtedness therein recited as owing to the Interstate Cooperage Company, which deed of trust is dated 1 June, 1923, and registered 2 June, 1923, in Book 246, page 7, of the Beaufort County records:

"And said title of the said J. & W. Land Company was also subject to a deed of trust to the Trust Company of Washington, dated 1 July, 1923, and registered 25 July, 1923, in Book 246, page 21, of the Beaufort County records, to secure the indebtedness referred to in said deed of trust.

"That the time to exercise the rights given under said timber deed has not expired by the terms of said timber deed; and neither said timber deed nor the deed of trust to A. D. MacLean nor the deed of trust to the Trust Company of Washington have been canceled upon the public records of Beaufort County; and the Interstate Cooperage Company is a corporation organized under the laws of New York, but having its principal place of business at Belhaven, Beaufort County, N. C., where it has a large sawmill and lumber manufacturing plant, and A. D. MacLean is a citizen of Beaufort County, North Carolina, and was a resident of Beaufort County until some time in the month of

... ... ..., 1933, and the Trust Company of Washington is a corporation organized and existing under the laws of North Carolina, with its principal place of business at Washington, North Carolina."

Twenty-two thousand nine hundred ninety-nine acres of the land assessed for tax on 1 May, 1928, of the J. & W. Land Company, was valued at $129,695. In the foreclosure suits, action is brought by plaintiff against the J. & W. Land Company, but those who have encumbrances or other interest in the land are not made parties.

In the foreclosure suits no summons was issued: (1) Against the Interstate Cooperage Company that had an unexpired timber deed duly recorded on the land; (2) A. D. MacLean, trustee for Interstate Cooperage Company to secure certain indebtedness therein recited—the deed of trust being duly recorded; (3) Trust Company of Washington, trustee, to secure certain indebtedness therein recited—the deed of trust being duly recorded.

The instruments were registered in the above-named order or priority and are not canceled of record and not barred by the statute of limitation.

In the statement of facts agreed on in this aspect is the following: "That neither the Interstate Cooperage Company nor A. D. MacLean, trustee, nor the Trust Company of Washington, trustee, have been made parties defendant in their own names to the foreclosure suits above referred to, nor has service of process been had on them except as they are embraced within the designation of 'all other persons claiming an interest in the subject-matter of this action,' and except as advertisement has been made in the newspapers and at the courthouse door as provided by law and as shown on Exhibits 7, 11, 17, and 21 hereto attached.

"That neither the Interstate Cooperage Company nor A. D. MacLean, trustee, nor the Trust Company of Washington, as trustee, filed with the register of deeds of Beaufort County any paper or list containing the names of taxpayers on whose property a lien or interest is held, as provided by chapter 260, Public Laws of 1931."

We think that the only exception and assignment of error made by defendant, necessary to determine this controversy, is as follows: "To the invalidity of the judgments because of the failure to make as parties in the tax foreclosure suits Interstate Cooperage Company, A. D. MacLean, trustee, and the Trust Company of Washington, trustee, each of whom is a necessary party to each of said suits."

We think this exception and assignment of error must be sustained. The principle is well stated in 21 R. C. L. (Process), sec. 3, page 1262: "It is a principle that lies at the foundation of all jurisprudence in civilized countries that a person must have an opportunity of being

heard before a court can deprive him of his rights. Any other doctrine would be antagonistic to our form of government and to the provisions of our Constitution. No court, in the ordinary administration of justice, in common-law proceedings, can exercise jurisdiction over a person unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Therefore, in order to authorize a court to determine the adverse claims of parties touching their rights in things, judicial process is indispensable. Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject-matter. Judgment without notice wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered. The mere fact that a defendant has knowledge of a suit, pending against him, is not sufficient to give the court jurisdiction. Even in proceedings *in rem* notice, either actual or constructive, is required, in order that the judgment may have any validity. But notice is for the sole benefit of the defendant to afford him an opportunity of being heard on the claim or the charges made against him. It is not required for the protection of the plaintiff. Moreover, a party may waive his right to have a suit begun against him by process, and he does so by making a voluntary appearance, or by authorizing another to appear for him. If jurisdiction is once lost, it can be regained only by a second service of process."

Notice and an opportunity to be heard is a fundamental principle of our jurisprudence. It is of vital importance and constitutes due process of law. *Markham v. Carver,* 188 N. C., 615. The Constitution of North Carolina, Art. I, sec. 29, says: "A frequent recurrence to fundamental principles is absolutely necessary to preserve the blessings of liberty." The great lawgiver, Moses, said, Deut., ch. 19, part of verse 14: "Thou shalt not remove thy neighbor's landmark which they of old time have set in thine inheritance."

As far as the human can make it so, law should be an exact science—orderly procedure and orderly government are necessary for the law of life. Law is not a "feather on the water" and it should not be "quicksand" to trap the unwary.

In *Gammon v. Johnson,* 126 N. C., 64 (65), is the following: "In general all encumbrancers, whether prior or subsequent encumbrancers, as well as the mortgagor, should be parties to a proceeding for foreclosure, and judgment creditors as well as mortgagees. *Hinson v. Adrian,* 86 N. C., 61; *LeDuc v. Brandt,* 110 N. C., 289."

In *Jones v. Williams,* 155 N. C., 179 (185), citing Wiltsie Mortgage Foreclosures, sec. 61, is the following: "All authorities in all countries where mortgages are foreclosed by equitable actions are agreed that sub-

sequent and junior mortgagees are necessary parties to the foreclosure of a prior mortgage in order to extinguish and cut off their liens. The action can be sustained without them, but a defective title would be offered at the sale which no court would compel a bidder to accept. The rule has long been settled that in a bill to foreclose a mortgage, the rights of encumbrancers not made parties to the suit are not barred or affected by the decree. If a junior mortgagee is omitted, as a party, his remedy is to redeem from the sale under foreclosure." . . . At p. 190: "The rule rests upon the reasonable assumption that the junior encumbrancer has an interest which should be protected by the courts, and which cannot be taken from him or impaired without notice and an opportunity to be heard. 'It has long been the received rule (expressed in the maxim *audi alteram partem*), that no one is to be condemned, punished or deprived of his property in any judicial proceeding, unless he has had an opportunity of being heard.' Broome Legal Maxims (8 Ed.), p. 112."

N. C. Practice and Procedure in Civil Cases (McIntosh), p. 217, speaking to the subject: "As to prior and subsequent encumbrancers, it is generally held that, if the purpose of the proceeding is to get a sale of the property discharged of all liens so that a purchaser will be protected, it is necessary that they should be made parties. The prior mortgagee has the first right and if the land is sold at the suit of a subsequent mortgagee, the purchaser will take it subject to the lien of the prior mortgage. If subsequent mortgagees are not made parties, it was formerly held that the sale of the land would discharge their liens, which would be transferred to the fund received; but it is now held that subsequent mortgagees or lienholders are not bound by the action unless they are made parties, and that they would still have the right to redeem."

In *Madison County v. Coxe,* 204 N. C., 58 (66), it is said: "Plaintiff cites *Orange County v. Wilson,* 202 N. C., 424, at page 427, it is clearly stated: 'Besides, the trustees of the petitioners were parties defendant and were served with process.' *Gammon v. Johnson,* 126 N. C., 64; *Jones v. Williams,* 155 N. C., 179." *Guy v. Harmon,* 204 N. C., 226 (227); *Wilkes County v. Forester,* 204 N. C., 163; *Bank v. Thomas,* 204 N. C., 599 (601-2); *Buncombe County v. Arbogast,* 205 N. C., 745; *Buncombe County v. Penland,* 206 N. C., 299 (303). The case of *Street v. Hildebrand,* 205 N. C., 208, is easily distinguishable—the question here was not considered in that case.

N. C. Code, 1931 (Michie), sec. 8037, page 2269, in part is as follows: "Every holder of a sheriff's certificate of sale of real estate for taxes shall have the right of lien against all real estate described in the certificate as in case of mortgage. . . . Such relief shall be afforded only in an action in the nature of an action to foreclose a mortgage," etc.

The General Assembly, by chapter 260, Public Laws 1931, sec. 5, provides for a "mass publication." In part, it is as follows: "The person in whose name said real estate has been listed for taxation, together with the wife or husband, if married, shall be made defendants in said action and shall be served with process as in civil actions. Notice, by posting at the courthouse door, shall be given to all other persons claiming any interest in the subject-matter of the action to appear, present and defend their claims," etc. This was adverted to in *Orange County v. Jenkins,* 200 N. C., 202, and *Orange County v. Wilson,* 202 N. C., 424.

We do not think chapter 260, Public Laws of 1931, sec. 8037-b, page 322, can affect the fundamental law requiring notice and an opportunity to be heard. It is, in part, as follows: "Between the first day of December and the first day of May after taxes are due, any lienholder or interested party may file a list with the register of deeds, containing the names of taxpayers on whose property a lien or interest is held showing such information with respect to each of such taxpayers as is hereinafter required to be recorded, by said register of deeds." . . . "And if such list contains the name of the defendant in the action, shall be made parties to said action and the cost of the service of the summons shall be taxed against the lienholder. The rights of such lienholders shall not be affected unless made parties to the action."

For the reasons given, in the judgment of the court below there is
Error.

STACY, C. J., dissents.