### DUPLIN COUNTY v. ÉVA EZZELL.

(Filed 3 November, 1943.)

**1. Judgments § 8½—**

The general rule that an unanswered complaint, which has been served with summons on defendant, entitles the plaintiff to judgment by default, applies to actions for foreclosure of tax liens.

**2. Judgments § 22g: Appeal and Error § 2—**

An irregular judgment is one rendered contrary to the course and practice of the court, and a motion in the cause to set aside a judgment or to vacate subsequent decrees and procedure, on the ground of irregularities, properly presents questions for judicial review, though not all irregularities in procedure are fatal.

**3. Taxation § 40c—**

In an action to foreclose a tax lien on land, C. S., 7990, the mere inadequacy of the price bid therefor is not sufficient to avoid the sale and cancel the deed to the purchaser, unless some element of fraud, suppression of bidding, or other unfairness in the sale appears.

APPEAL by plaintiff and purchaser, B. D. Johnson, from *Harris, J.,* at May Term, 1943, of DUPLIN.

This was an action instituted by Duplin County to foreclose the tax lien on defendant's land for unpaid taxes for the years 1932 to 1935. Summons and complaint were personally served on the defendant, and, no answer having been filed, judgment by default was rendered by the clerk, and sale of the land by a commissioner was ordered. Thereafter the commissioner reported that he had sold the land, after due advertisement, in accordance with law and the judgment in the cause, and that Duplin County was the last and highest bidder in sum of $89.12. No objection to the sale or advance bid having been made, the sale was confirmed by the clerk, and the county having assigned its bid to B. D. Johnson, the commissioner was directed, upon payment of the purchase money, to execute deed to him. Deed was accordingly executed and delivered, and after due notice to defendant writ of possession was ordered to issue. Shortly thereafter defendant retained counsel and filed motion before the clerk to set aside the judgment and orders and the sale thereunder on account of alleged irregularities appearing on the face of the record. This motion was denied by the clerk, and the defendant appealed to the judge. It further appeared that in the order of confirmation the clerk had found that the sale was open and fair, and that the price bid was the reasonable worth of the land. However, subsequent to the denial of defendant's motion, at the request of the defendant, the clerk amended his findings to the extent only of finding that the land was worth $800 to $900.

Upon consideration of the appeal from the clerk, the judge found that the defendant was old and ignorant and without counsel until the filing of her motion, that the land was worth $800 or $900, and that the price bid at the sale, together with the unpaid taxes for subsequent years to and including 1942 to be paid by the purchaser, would amount to $325. The judge further found that the decree of confirmation of the sale was based upon a false impression as to the value of the land. Thereupon it was concluded that it would be inequitable and against good conscience to permit the sale to stand, and it was ordered that the sale be set aside, the deed to B. D. Johnson canceled of record, and the land resold.

From this judgment the plaintiff Duplin County and B. D. Johnson appealed.

*Gavin & Gavin for Duplin County.*
*L. A. Beasley for B. D. Johnson.*
*Chas. P. Gaylor for defendant.*

DEVIN, J.   It is apparent that the Judge did not rule upon the matters presented by the appeal from the clerk.   The motion to set aside the decree of confirmation and to nullify the sale was based upon suggested irregularities in the procedure appearing on the face of the record.   For this reason, we think, the judgment below should be vacated and the cause remanded for further hearing on the appeal from the clerk.

The general rule that an unanswered complaint which has been personally served with summons on the defendant entitles the plaintiff to judgment by default applies equally to actions for the foreclosure of tax liens.   *Street v. Hildebrand,* 205 N. C., 208, 171 S. E., 58; *Wake County v. Johnson,* 206 N. C., 478, 174 S. E., 303.   And a motion in the cause to set aside the judgment or to vacate subsequent decrees and procedure, on the ground of irregularities, properly presents questions for judicial review.   *Buncombe County v. Arbogast,* 205 N. C., 745, 172 S. E., 364.   An irregular judgment has been concisely defined as one rendered contrary to the course and practice of the court, McIntosh Proc. & Prac., 736; *Harnett County v. Reardon,* 203 N. C., 267, 165 S. E., 693; though not all irregularities in procedure are fatal.   *Street v. McCabe,* 203 N. C., 80 (84), 164 S. E., 329.

It may be noted that the law required the county, in the absence of a bid equalling the amount of the taxes and costs, to bid in the property, and authorized the assignment of its bid to an individual for not less than this amount.   Public Laws 1939, ch. 310, secs. 1715, 1717.   In confirming the sale and directing execution of deed to the county's transferee' the clerk found that the sale was duly advertised and conducted according to law and the court's order, and that the sale was open and fair, and the price bid was the reasonable worth of the land.   Subsequently this finding was amended to show that the reasonable worth of the land was $800 or $900.   In no other respect were the clerk's findings or decrees modified.

To hold that mere inadequacy of the price bid for real property sold for taxes would be sufficient to avoid the sale and cancel the deed to the purchaser would seriously affect the enforcement of the statutory lien given the taxing authorities for the collection of delinquent taxes, to the detriment of the public revenues.   Unless some element of fraud, suppression of bidding, or other unfairness in the sale appears, the result should not be annulled on this ground alone.   26 R. C. L., 396; 61 C. J., 1191.   In this case it appears that the taxes on defendant's land have not been paid for eleven years.

Let the cause be remanded for further consideration of the defendant's appeal from the clerk.

Error and remanded.