CITY OF DURHAM, PLAINTIFF v. MARJORIE S. KEEN AND SPOUSE, THE COUNTY OF DURHAM, ORIGINAL DEFENDANTS AND ROBERT C. KNOTT AND WIFE, PATRICIA P. KNOTT, ADDITIONAL DEFENDANTS

No. 7814SC511

(Filed 17 April 1979)

1. **Taxation § 41.2— tax foreclosure sale—notice at courthouse door**

Notice of a tax foreclosure sale was posted at the courthouse door for thirty days immediately preceding the sale as required by G.S. 1-339.17(a)(1) where notice was posted on 19 September 1977 and the sale was held at 12:00 noon on 19 October 1977. G.S. 1A-1, Rule 6(a); G.S. 1-594.

2. **Taxation § 41.2— tax foreclosure sale—notice to owner**

The statute requiring that notice of a foreclosure sale be mailed to the property owner twenty days prior to the sale, G.S. 45-21.17(4), does not apply to a tax foreclosure sale.

3. **Rules of Civil Procedure § 60.2— relief from judgment—failure to show excusable neglect, equitable grounds**

The trial court properly concluded that defendant failed to show excusable neglect or sufficient equitable grounds to set aside under G.S. 1A-1, Rule 60(b)(1) and (6) a judgment affirming a tax foreclosure sale of her property where the court made findings supported by the evidence that defendant received notice of the action against her, understood the nature of the action, and did not respond until after her property had been sold.

4. **Taxation § 44.1— tax foreclosure sale—inadequacy of price—insufficient showing to set aside sale**

Defendant was not entitled to have a tax foreclosure sale set aside where she showed only inadequacy of price but failed to show any element of fraud, suppression of bidding or other unfairness in the sale.

APPEAL by defendant Marjorie S. Keen from *McKinnon, Judge.* Order entered 26 January 1978 in Superior Court, DURHAM County. Heard in the Court of Appeals on 6 March 1979.

This is a civil action instituted on 5 March 1976 by the City of Durham to collect delinquent taxes for the years 1971 to 1975 owing on the defendant Keen's property. Plaintiff requested that the court appoint a Commissioner to sell the property. The County of Durham was named as a defendant due to its lien on the property for County ad valorem taxes. On 18 March 1976, the County of Durham filed an Answer admitting all of the allegations of the Complaint and further alleging that $1,763.10 taxes were due it for the years 1966 to 1975. The defendant Keen did not file

an Answer. On 17 August 1977 an entry of default and a default judgment was entered by the Assisant Clerk of Superior Court. The default judgment appointed William H. Holloway as Commissioner to sell the property at public auction. On 19 October 1977 a report of the sale was filed which stated that at 12:00 noon at the courthouse door in Durham County, the property was offered for sale and Robert C. Knott and Patricia P. Knott submitted the highest bid in the amount of $3,798.38. On 1 November 1977, a judgment confirming the sale was entered by the Assistant Clerk of Superior Court stating that more than ten days had elapsed since the report of the sale was filed and that no increased bids or exceptions had been filed with respect to the sale. This judgment further ordered that the Commissioner deliver to the purchasers a deed to the property. On 4 November 1977, the Commissioner filed a Final Account showing disbursements of $1,224.58 to the City of Durham for 1971-1977 city taxes. $2,417.48 to the County of Durham for 1966-1977 county taxes, $50.00 attorney's fees, and $127.97 for court costs and other expenses incurred in connection with the sale.

On 7 November 1977 the purchasers made application for an Order granting possession of the subject property, in which the purchasers stated that a Notice was sent to the defendant Keen. On 17 November 1977, an Order was entered by the Clerk of Superior Court ordering the defendant Keen and all other occupants of the subject property to surrender possession to the purchasers and further ordering the Sheriff to deliver possession of the premises to the purchasers.

On 28 November 1977, the defendant Keen, pursuant to G.S. § 1A-1, Rule 60, filed a motion to set aside the judgment confirming the sale and Order entered by the Clerk of Court. As grounds for her motion, defendant alleged that she had made arrangements with the office of the tax collector to pay the arrearages, and that she had made partial payments totalling $400.00; that the default judgment was taken without her knowledge; that upon receipt of the Notice of Sale under the default judgment, defendant contacted the tax collector's office and was informed that she could make partial payments and thus avoid the sale, and relying on this statement did not obtain legal representation until after the Order granting possession to the purchasers was entered; that the sale was improperly confirmed because the court failed to find that it was in the best interest of the property owner; and that the sale was fraudulent and im-

proper. On 29 November 1977, the purchasers filed an Answer to this motion alleging that the allegations in the motion did not set forth any legal grounds to set aside a final judgment as required by Rule 60, and that the motion was "not made in the interest of justice but for the purpose of delay."

On 19 December 1977, after a hearing, the Clerk of Superior Court entered an Order denying defendant Keen's Rule 60 motion. Defendant appealed to the Superior Court on 21 December 1977 for review of the Order. A hearing was held before Superior Court Judge Henry A. McKinnon, Jr., and on 26 January 1978, defendant's motion was denied in an Order containing the following findings and conclusions relevant to this appeal:

1. That this action was instituted by the City of Durham to foreclose for delinquent taxes against the property described in the Complaint owned by the defendant, Marjorie S. Keen, on March 5, 1976.

2. That a Summons was served, together with a copy of the Complaint, on the defendant, Marjorie S. Keen, on March 6, 1976.

3. That within the time provided by law the defendant, Marjorie S. Keen, failed to answer or otherwise plea and that no extension of time was granted.

. . .

6. That entry of default against the defendant, Keen, was filed August 17, 1977, and a Judgment of Sale was entered directing, among other things, that the Commissioner appointed conduct a Judicial Sale of the property described in the Complaint according to law. That the defendants were not notified that the Judgment of Sale would be entered.

7. That the City of Durham mailed by registered mail, return receipt requested, a Notice of Sale to the defendant on October 13, 1977; that this was received on October 14, 1977.

8. That the Notice of Sale was first posted on the Courthouse door on September 19, 1977.

9. That the Sale was conducted on October 19, 1977 and a report was filed that the Purchasers named in the record were the last and highest bidders for the amount set forth in the record.

10. That no exceptions were filed to the report by the defendants, Keen, or anyone else and no increase bid was filed within the time provided by law.

11. That after ten days had expired from the date the sale was reported the plaintiff applied to the court that a Judgment confirming the sale be entered and same was entered on November 1, 1977.

12. That the Commissioner appointed by the court delivered a Commissioner's Deed to the Purchasers upon a receipt of the purchase price and a Final Report was filed and audited.

13. That the Purchasers applied for a Writ of Possession under the Provisions of G.S. 1-339.29(c) and that a copy of the application, Notice of Hearing, and proposed Order was served on the defendant, Marjorie S. Keen, by certified mail on November 5, 1977.

14. That a Hearing was held pursuant to the Application for Possession, on November 17, 1977 and that the defendant, Marjorie S. Keen, failed to appear nor did she file objections.

15. That the defendant attempted to engage counsel to represent her interest but was informed prior to the hearing on the Application for Writ of Possession that nothing could be done; that this information came from counsel employed by the Legal Aid Society of Durham who investigated the matter for the defendant and advised her not to appear as nothing could be done in her case; that subsequent to the hearing on the Application, the defendant engaged her current counsel of record to pursue her rights in this matter.

16. That by Order entered November 17, 1977 the defendant, Marjorie S. Keen, and all other persons occupying the premises known as 2311 Englewood Avenue were directed to surrender possession forthwith to the Purchasers and that the sheriff of Durham County was ordered to deliver possession of the premises to the Purchasers in compliance with that Order.

17. That the defendant, Keen, through her attorneys, filed the Motion to set aside the Judgment and Order on

November 28, 1977, and filed an Amendment to said Motion on December 6, 1977.

18. That evidence was presented tending to show that the house and lot were worth approximately Twenty Thousand Dollars at the time of the sale; that the plaintiff, City of Durham, had attempted in 1975 to effect a garnishment of the defendant's wages for taxes; that agents of the defendant's corporate employer had regularly received from the pay of the defendant sums of money totaling Four Hundred Dollars and attempting to transmit the said monies to the Office of the Collector of Taxes for the City of Durham; that the defendant was aware of the suit and had attempted to pay, however, no evidence was presented that tended to show that the plaintiff, City of Durham received any payments or had any record of the garnishment. Evidence was presented which tended to show that the defendant, Marjorie S. Keen was delinquent in her payment of taxes to the City of Durham and had not responded to any demands, notices or legal process prior to the application for a Writ of Possession.

19. That the defendant, Keen, testified that she was delinquent in her taxes and that she had received service of a Summons and Complaint to foreclose taxes and testified that she understood the City was attempting to foreclose her property for failure to pay taxes.

. . .

21. That evidence offered by the defendant further showed that the attorney for the Purchaser was the only bidder present at the sale of the property; that the Commissioner for the City announced the amount of taxes and expenses in advance; that one bid in the exact amount of the alleged liens and expenses was made and received.

BASED UPON THE FOREGOING FINDING OF FACT THE COURT CONCLUDED TO A MATTER OF LAW AS FOLLOWS:

. . .

2. That the defendant, Marjorie S. Keen, was personally served with Summons and a copy of the Complaint and that

City of Durham v. Keen

she failed to answer or otherwise plea within the time provided by law therefore the court had jurisdiction of the subject matter of this action and of the person of the defendant, Marjorie S. Keen.

3. That Default was entered and a Judgment ordering sale of the property and the appointment of a Commissioner was properly entered.

4. The sale was conducted in a proper manner and reported as provided by law and that within the time provided by law the defendant, Keen, failed to file an exception to the Report of Sale and may not now, as a matter of law, object to the sale on the ground that the price was inadequate.

5. That the defendant, Keen, does not now have a legal right to redeem the property after the Judgment of Sale, Judgment of Confirmation, the purchase price paid and Deed delivered to the Purchasers; that the Purchasers were bonafide purchasers for value who purchased without notice of any alleged irregularities in the manner in which the sale was conducted and the defendant, Keen, was not diligent in protecting her interest in her property nor has she been prejudiced by any alleged irregularities in the manner in which the sale was conducted, if any.

6. That the general allegations of fraud or suppression of bidding made by the defendant, Keen, nor the evidence offered by the said defendant supported the defendant's contentions of fraud and the court concludes as a matter of law that the sale was conducted fairly and in a proper manner, free from fraud, knowledge of fraud or suppression of bidding.

7. That the defendant, Keen's evidence fails to show that her failure to answer was through mistake, inadvertence, surprise, or excusable neglect; the Judgment has not been satisfied, released, or discharged and the said defendant is not entitled to relief on any other grounds.

8. That the Notice of Sale was posted on the 19th day of September, 1977 at the Courthouse door; that G.S. 1A-1, Rule 6(a) provides that day cannot be included in computing the amount of time required; that sale was had on October

19, 1977 which was the 30th day after posting of the Notice; that this complies with the requirements of G.S. 1-339.17(a)(1) when read with Rule 6 of the Rules of Civil Procedure and G.S. 1-594.

9. That G.S. 45-21.17(4) requiring Notice of Sale be mailed to owner twenty days prior to sale does not apply to tax foreclosure sales.

10. That the court concludes upon the facts presented that the actions of the defendant, Keen, with respect to her nonpayment of taxes and her lack of diligence in protecting her interest do not entitle her to any equitable relief from a Judgment and Order of this Court.

Defendant appeals.

*Rufus C. Boutwell, Jr., for plaintiff appellee City of Durham.*

*Blackwell M. Brogden, Jr., and E. C. Harris, Jr., for defendant appellant Marjorie S. Keen.*

*C. Horton Poe, Jr., for defendant appellees Robert C. Knott and Patricia P. Knott.*

*No counsel for defendant appellee County of Durham.*

HEDRICK, Judge.

[1, 2] Defendant first contends that the sale of the subject property is void and thus should have been set aside under Rule 60(b)(4) and (6) because the Commissioner failed to comply with the applicable statutes concerning notice of the sale. Defendant first argues that the provisions of G.S. § 1-339.17(a)(1), requiring that notice be posted at the courthouse door for thirty days immediately preceeding the sale, were not met. The record, however, discloses that notice was posted on 19 September 1977 and that the sale was held at 12:00 noon on 19 October 1977. Rule 6(a) provides in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, including rules, orders or statutes respecting publication of notices, the day of the . . . publication after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included . . .

Additionally, G.S. § 1-594 provides: "The time for publication of legal notices shall be computed so as to exclude the first day of publication and include the day on which the act or event of which notice is given is to happen, or which completes the full period required for publication." *See also* G.S. § 1-593. Applying the foregoing rules to the facts in the present case, it is clear that the notice was posted for thirty days as required. Defendant next argues that the Commissioner should have given her notice in accord with the provisions of G.S. § 45-21.17(4), which requires that notice of a foreclosure sale be mailed twenty days prior to the sale. Pursuant to G.S. § 45-21.1, however, this statute applies only to "a sale of real property pursuant to an express power of sale contained in a mortgage or deed of trust." We hold that the provisions of G.S. § 45-21.17(4) do not apply to a tax foreclosure sale.

[3] Defendant next contends that the court erred in holding that the defendant failed to show excusable neglect or sufficient equitable grounds to support her motion to set aside the judgment under Rule 60(b)(1) and (6). Defendant argues that she introduced evidence tending to show that she paid her employer $400.00 for transmittal to the tax supervisor of the City of Durham, that she thought that the payments were going to discharge her tax liability, and that after being served she took no action because she was unaware that her account was not being credited with the payments. The court found as facts that the defendant "had received service of a Summons and Complaint to foreclose taxes and testified that she understood the City was attempting to foreclosure her property for failure to pay taxes" and that she "had not responded to any demands, notices or legal process prior to the application for a Writ of Possession." The Court concluded that the defendant "was not diligent in protecting her interest in her property," that her "evidence fails to show that her failure to answer was through mistake, inadvertence, surprise, or excusable neglect," and that her actions "with respect to her lack of diligence in protecting her interest do not entitle her to any equitable relief."

The trial judge's findings of fact on a Rule 60(b) motion are conclusive on appeal when supported by competent evidence; however, the conclusions of law based thereon are reviewable on appeal. *Dishman v. Dishman,* 37 N.C. App. 543, 246 S.E. 2d 819 (1978); *U.S.I.F. Wynnewood Corp. v. Soderquist,* 27 N.C. App. 611,

219 S.E. 2d 787 (1975). The trial court found that the defendant received notice of the action against her, understood the nature of the action, and did not respond until after her property had been sold. These facts are supported by competent, uncontroverted evidence. The court concluded that the defendant had failed to show excusable neglect or that she was entitled to equitable relief. We think the facts found support the court's conclusions. The exceptional relief provided by Rule 60(b) "will not be granted where there is inexcusable neglect on the part of the litigant. 'A lawsuit is a serious matter. He who is a party to a case in court "must give it that attention which a prudent man gives to his important business." [citations]' *Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906 (1903)." *Holcombe v. Bowman,* 8 N.C. App. 673, 676, 175 S.E. 2d 362, 364 (1970).

[4] Finally defendant contends that the gross inadequacy of the sale price coupled with "the numerous defects appearing in the record" requires that the sale be set aside. It has long been held that inadequacy of price alone is not grounds for setting aside a tax sale, but that some element of fraud, suppression of bidding or other unfairness must appear before a court of equity can afford relief. *Duplin County v. Ezzell,* 223 N.C. 531, 27 S.E. 2d 448 (1943). The defendant in the present case has failed to show any fraud, suppression of bidding or other unfairness in the conduct of the sale.

We hold there is plenary evidence in the record to support the decision of the trial court and the defendant's motion to set aside the judgment was properly denied.

Affirmed.

Judges VAUGHN and CARLTON concur.