JOHN T. THOMAS and MOLLY L. THOMAS, Plaintiffs,
v.
TANYA HERRING d/b/a HIGHWAYS TO SUCCESS, Defendant.
No. COA08-405
Court of Appeals of North Carolina.
Filed December 2, 2008
This case not for publication
Rightsell Eggleston, LLP, by Donald P. Eggleston, for plaintiff-appellees.
Tanya Herring, defendant-appellant, pro se.
PER CURIAM.
Tanya Herring d/b/a/ Highways to Success ("defendant"), acting pro se, appeals: (1) the trial court's 4 December 2006 judgment granting summary judgment in favor of John T. Thomas and Molly L. Thomas ("plaintiffs") as to plaintiffs' claim that defendant breached the parties' lease agreement and option to purchase contract; and (2) the trial court's 10 January 2008 Order denying defendant's Rule 60 "Motion to Set Aside [the 4 December] Judgment" and defendant's Rule 62(b) Motion for "Emergency Stay of Execution" of said judgment. After careful review, we affirm.

I. Background
On or about 21 September 2004, plaintiffs and defendant executed a two year lease and an option to purchase contract for plaintiffs' property located at 1625 Spring Garden Street in Greensboro, North Carolina. On 1 June 2005, defendant sent plaintiffs a letter stating: (1) she knew she was three months behind on rent and that she would lose her earnest monies from the option to purchase, and (2) she could no longer comply with the terms of the lease. On 10 June 2005, plaintiffs filed a summary ejectment complaint in small claims court, and on 21 June 2005, judgment was entered awarding plaintiffs possession of the property and $5,000.00 in arrearages. Defendant entered notice of appeal to the district court on 1 July 2005.
On or about 27 September 2005, plaintiffs filed a "Motion for Leave to File Amended Complaint" seeking the damages from defendant's breach which "exceed[ed] the jurisdictional limits of the Magistrates Court" and "a declaration that the Defendant ha[d] forfeited all rights under the Option to Purchase." Plaintiffs' attorney certified that a copy of said motion was served to defendant via United States mail on 28 September 2005. The address listed on the certificate of service was 1625 Spring Garden Street, i.e., the property from which defendant had already been ejected. On 4 January 2006, Judge Linda V.L. Falls entered an order allowing plaintiffs' amended complaint.[1]
On 17 January 2006, plaintiffs filed a verified amended complaint seeking: (1) additional past due rents and late fees as they had still been unable to relet the property, and (2) a declaration that defendant's failure to pay rents constituted a breach which terminated defendant's option to purchase. On 16 February 2006, defendant, acting pro se, filed a verified answer to plaintiffs' amended complaint which purported to assert various "Affirmative Defense[s,]" including "Voidable Contract"; "Parol Evidence Rule"; "Equitable Estoppel"; and "[Im]proper Service"; as well as a "Motion to Dismiss for Failure to State a Claim[.]" Defendant asserted she was entitled to the $5,000.00 she had paid plaintiffs for the option and to the $3,300.00 she had given them as a security deposit. She also requested that the court declare her not liable for any further rental payments or fees under the lease.
On or about 8 August 2006, plaintiffs filed a "Motion for Summary Judgment" stating, inter alia, that even if the "allegations of [defendant's] responsive pleadings . . . [are] taken to be true for the purposes of this Motion, [they] do not constitute a valid or legal defense to the demands set forth in the Amended Complaint." Plaintiffs' attorney certified he served said motion upon defendant via United States mail on 10 August 2006. He further certified he served defendant with notice of the summary judgment hearing, which was scheduled to be heard on 4 December 2006 at 9:00 a.m., via United States mail on 8 November 2006.
In August 2006, defendant had relocated to Connecticut; nothing in the record suggests that she informed the court or plaintiffs of her relocation. Defendant claims she never received plaintiffs' summary judgment motion and that she did not receive notice of the summary judgment hearing until the day after Thanksgiving, 24 November 2006. Defendant contacted attorney Reginald D. Alston ("Mr. Alston") to represent her and to attend the 4 December 2006 summary judgment hearing on her behalf. Purportedly due to illness, Mr. Alston was late for and missed the hearing. Upon arriving at the courthouse, Mr. Alston was informed that the matter had been heard and that judgment had been entered in plaintiffs' favor. Neither defendant nor Mr. Alston informed the court that Mr. Alston was representing defendant in this matter nor that Mr. Alston would arrive late due to illness.
On 4 December 2006, in support of the summary judgment motion, plaintiffs filed: (1) the parties' "Lease Agreement with Option to Purchase"; (2) the parties' "Agreement for Purchase and Sale of Real Property"; (3) defendant's 1 June 2005 letter acknowledging that she breached the agreement, that she was three months behind in rent, that she would forfeit her option monies, and that she was unable to perform; and (4) an affidavit from plaintiff John T. Thomas asserting that pursuant to these documents plaintiffs were owed late charges and rents in the "total amount" of "$53,280.60" from April 2005 through 28 July 2006, "the date on which the Plaintiffs sold the subject property[.]" Neither defendant nor Mr. Alston filed any response in opposition, nor did they attend the summary judgment hearing. On 4 December 2006, Judge McSwain entered judgment in plaintiffs' favor and concluded, inter alia, that: (1) defendant was liable to plaintiffs in the amount of $52,480.60 for past rental payments and $800.00 for late charges from April 2005 through 28 July 2006, the date plaintiffs sold the property; (2) defendant was entitled to credit for the $3,300.00 she had paid plaintiffs as a security deposit; (3) defendant was not entitled to a credit for the $5,000.00 which she had paid for the option to purchase; and (4) defendant's total liability under the agreement totaled $49,980.60.
On 13 December 2006, defendant filed a Rule 59 "Motion for New Trial[.]" Judge Wendy Enochs denied defendant's Rule 59 motion in an order entered 29 May 2007.[2] On 2 July 2007 and 24 October 2007 respectively, defendant filed a Rule 60 "Motion to Set Aside Judgment" and a Rule 62(b) motion for "Emergency Stay of Execution of Judgment Order" which was contingent upon her Rule 60 motion. Defendant's Rule 60 motion asserted that she was entitled to relief pursuant to N.C. Gen. Stat. §§ 60(b)(1), (b)(6) (2007). Judge McSwain denied defendant's motions in an order entered 10 January 2008.
On 11 January 2008, defendant, acting pro se, filed notice of appeal from Judge McSwain's order denying her Rule 60 and Rule 62 motions. Defendant served this notice of appeal on plaintiffs on9 January 2008. On 5 March 2008, she filed an amended notice of appeal seeking to appeal from Judge McSwain's 4 December 2006 judgment granting summary judgment in plaintiffs' favor. She served this notice of appeal on plaintiffs on 29 February 2008.

II. Analysis

A. Motion to Dismiss
While defendant's notice of appeal as to the 10 January 2008 order is timely, she did not timely file her notice of appeal as to the 4 December 2006 judgment in accordance with N.C.R. App. P. 3(c). Appellate Rule 3(c)(3) provides in pertinent part:
[I]f a timely motion is made by any party for relief under Rule[] . . . 59 of the Rules of Civil Procedure, the 30-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party[.]
In other words, if the appealing party is timely served with the Rule 59 order, the thirty-day period for taking notice of appeal begins to run from the date said order is entered. Here, the order denying defendant's Rule 59 motion was entered 29 May 2007, and defendant does not assert any problems with its service. The thirty-day period for timely appeal began to run on 29 May 2007; defendant's amended notice of appeal, filed 5 March 2008, is untimely, violates Appellate Rule 3, and must be dismissed. "Failure to give timely notice of appeal in compliance with . . . Rule 3 of the North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely attempt to appeal must bedismissed." Booth v. Utica Mutual Ins. Co., 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (per curiam) (citations omitted).
However, "[Appellate] Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner." Anderson v. Hollifield, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997). Defendant does not specifically petition this Court for writ of certiorari. However, in order to prevent manifest injustice, we elect to exercise our discretion pursuant to N.C.R. App. P. 21(a)(1) to review the merits of defendant's appeal from the 4 December 2006 judgment.
Next, plaintiffs' "Motion to Dismiss" defendant's appeal asserts that defendant's appeal should be dismissed or that other sanctions should be imposed based on defendant's purported violations of Appellate Rules 11, 12, 10(c) and 26(g). In accordance with Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 199-200, 657 S.E.2d 361, 366-67 (2008), we have considered plaintiffs' and defendant's arguments pertaining to these purported violations in conjunction with Appellate Rules 25 and 34. In our discretion, we decline to dismiss defendant's appeal or to impose other sanctions and elect to review the merits of defendant's appeal. Id. at 200-01, 657 S.E.2d at 366-67. Though we elect to review the core merits of this appeal, we agree with plaintiffs that several of defendant's assignments of error are confusing and fail to comply with N.C.R. App. P. 10. In addition, defendant has abandoned assignments of error five andnine by failing to bring them forward on appeal in accordance with N.C.R. App. P. 28(b)(6). Hence, we review the merits of this appeal only to the extent that defendant's noncompliance does not impair our review or frustrate the adversarial process. Dogwood Dev. & Mgmt. Co., LLC, 362 N.C. at 200, 657 S.E.2d at 366-67 (citations omitted).

B. Summary Judgment
Summary judgment should only be granted if the moving party demonstrates there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Roumillat v. Simplistic Enterprises, Inc., 331 N.C. 57, 62, 414 S.E.2d 339, 341 (1992). Once the movant makes this showing, the burden shifts to the nonmovant to present specific facts which establish the presence of a genuine factual dispute for trial. E.g., Lowe v. Bradford, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982) (citation omitted).
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
N.C. Gen. Stat. § 1A-1, Rule 56(e) (2007). In other words, where the moving party sufficiently supports his motion by affidavit or otherwise, the opposing party must respond with proof of specific facts of his own or risk having judgment entered against him. William A. Shuford, North Carolina Civil Practice and Procedure. 56-7 at 1027-28 (6th ed. 2003) (footnote omitted). On appeal, the standard of review is de novo. Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).
Here, plaintiffs offered specific evidence demonstrating that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. Defendant failed to oppose this evidence with any specific evidence of her own. Hence, after careful review, we conclude the trial court did not err in granting summary judgment in plaintiffs' favor.

C. Rule 60(b) and Rule 62(b) Motions
"A motion under Rule 60(b) is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion." Harris v. Harris, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983). "The trial judge's findings of fact on a Rule 60(b) motion are conclusive on appeal when supported by competent evidence; however, the conclusions of law based thereon are reviewable on appeal." City of Durham v. Keen, 40 N.C. App. 652, 659-60, 253 S.E.2d 585, 590 (citations omitted), disc. review denied, 297 N.C. 608, 257 S.E.2d 217 (1979).
After careful review, we conclude the trial court did not abuse its discretion in denying defendant's Rule 60(b) and Rule 62(b) motions and in determining that defendant was "not entitled to relief from the prior judgment of the Court under Rule 60 of the Rules of Civil Procedure."

III. Conclusion
In sum, plaintiffs supported their motion for summary judgment by affidavit and other evidence which supported entry of summary judgment in their favor. Defendant neglected to counter plaintiffs' evidence either before or at the hearing. Consequently, the trial court did not err in granting summary judgment in plaintiffs' favor based on plaintiffs' unopposed evidence. In addition, given the evidence here and the court's findings and conclusions based thereon, the trial court did not abuse its discretion by denying defendant's Rule 60(b) and Rule 62(b) motions. Consequently, we affirm Judge McSwain's 4 December 2006 Judgment and 10 January 2008 Order.
Affirmed.
Panel consisting of Judges HUNTER, ELMORE, and GEER.
Report per Rule 30(e).
NOTES
[1] Defendant does not appeal from this order.
[2] Defendant does not appeal from this order.